**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RICHARD ROMERO,

      Plaintiff,

v.                                                                               No. CIV-05-0986 WJ/LAM

TROY W. PRICHARD,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      Plaintiff alleges that his attorney's representation in state court criminal proceedings was tainted by fraud and conflict of interest. For factual support, he refers to an earlier complaint he filed against the New Mexico Public Defender, which contained factual allegations arising from the same

criminal proceeding.  In the previous complaint, Plaintiff asserted claims for violation of his rights under the Sixth and Fourteenth Amendments, and certain provisions of New Mexico law.  He contends that Defendant's conduct has resulted in Plaintiff's "prolonged imprisonment," and he seeks damages.

The relief that Plaintiff seeks from Defendant is not available.  A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  In the absence of a factual basis for either element a complaint does not state a claim under § 1983.  *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that a plaintiff must allege violation was committed by person acting under color of state law).  A private person does not act under color of state law for purposes of section 1983.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  The general rule is that an attorney, by virtue of being an officer of the court, is not a state actor and so cannot be sued under § 1983 for actions taken in the course of representing a client.  *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983).  Plaintiff's allegations do not support a claim under § 1983, and the Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE